IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CHANDRANITA M. ANKTON,

Plaintiff,

vs.                                     No. 2:16-cv-2736-SHM-dkv

UNITED STATES TREASURY
DEPARTMENT,

Defendant.

_____

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS
and
ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT
and
ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

_____

On October 23, 2015, the plaintiff, Chandranita M. Ankton ("Ankton"), filed a *pro se* employment retaliation complaint against the defendant, the United States Treasury Department ("the Department"), alleging that the Department retaliated against her for participation in prior Equal Employment Opportunity ("EEO") activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Compl., ECF No. 1.)  The case was originally filed in the U.S. District Court for the District of Columbia but it was transferred to the Western District of Tennessee on August 23, 2016.  (ECF No. 19.) It has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or

report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Before the court is the Department's June 13, 2016 motion to dismiss the complaint pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement. (ECF No. 10.) On September 20, 2016, Ankton filed a response to the Department's motion on August 11, 2016. (ECF No. 16.) After the case was transferred to the Western District of Tennessee, Ankton refiled an identical response to the Department's motion. (ECF No. 27.)

Also before the court is Ankton's second motion for leave to amend her complaint. Ankton initially filed a motion for leave to amend her complaint with the U.S. District Court for the District of Columbia on August 1, 2016. (ECF No. 15.) She did not attach a proposed amended complaint to this motion.[1] On September 21, 2016, after the case was transferred, Ankton filed a new motion for leave to amend her complaint, to which she attached her proposed amended complaint. (Mot. to Amend, ECF No. 29.) In the proposed amended complaint, Ankton seeks to include a hostile work environment claim and to add significant "factual developments that have occurred since the original complaint was filed on October 23, 2015." (*Id.*) On October 14, 2016, the

---
[1] Because Ankton did not attach a proposed amended complaint to this motion and because Ankton filed a second motion for leave to amend her complaint, which is now before the court, Ankton's first motion for leave to amend her complaint is moot.

2

Department filed a response in opposition to the second motion to amend. (ECF No. 32.)

For the reasons that follow, it is recommended that the Department's motion to dismiss be denied. The Department's motion for a more definite statement is granted. Ankton's motion to amend her complaint is denied.

## I. FACTUAL ALLEGATIONS

In her complaint, Ankton alleges that the Department retaliated against her for participating in protected EEO activity. (Compl., ECF No. 1.) The complaint contains minimal facts, but the court considers the two administrative EEO claims that she filed with the Department, IRS-14-0341-F, filed May 29, 2014, and IRS-14-0700-F, filed November 21, 2014. Copies of the relevant documents from her EEO claims are attached by the Department to its motion to dismiss and to its reply in support of its motion to dismiss.[2] (*See* Dep't's Reply, Ex. 1, ECF No.

---
[2] In a 12(b)(6) ruling, "the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)(internal citations and quotation marks omitted). Additionally, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (internal citations and quotation marks omitted). Because the Department attached documents relating to IRS-14-0341-F and IRS-14-0700-F to its motion to dismiss and its reply in support of its motion to dismiss, and because Ankton referenced this EEO activity in her complaint, the court may properly consider these documents.

3

18-1 & Dep't's Mot. to Dismiss, Ex. 2, ECF No. 10-3.) Ankton alleges that she appealed both final agency decisions to the Equal Employment Opportunity Commission ("EEOC"), but then she terminated the EEOC appeals by filing the current lawsuit. (Ankton's Resp. 1, ECF No. 16.)

The Department attached a copy of its final decision in IRS-14-0341-F to its reply in support of its motion to dismiss. (*See* Dep't's Reply, Ex. 1 at 3, ECF No. 18-1.) In her EEO complaint, filed on May 29, 2014, Ankton alleged that she was retaliated against beginning on March 25, 2014 because of her participation in prior, unspecified EEO activity. (*Id.* at 2.) The Department summarized Ankton's alleged adverse employment decisions as follows:

> 1. On March 24, 2014, [Department] management issued [Ankton] a counseling memorandum for using extended idle time while she was assigned to the phones;
>
> 2. From June 1-6, 2014, [Ankton] was not asked to act as Manager or Lead; and
>
> 3. On June 20, 2014, [Ankton] received a lowered Departure Rating from the Rating of Exceeds to Meets.

(*Id.* at 3.) The Department issued its final agency decision on December 18, 2014, (*id.*), which it mailed to Ankton on February 3, 2015, (*id.* at 9). It concluded that the Department, including Shirley Hawkins ("Ms. Hawkins"), Ankton's supervisor, "provided legitimate, non-discriminatory reasons for each of its decisions." (*Id.* at 7.) As such, Ankton did not make out a

4

claim for retaliation.  The final agency decision also included a "Notice of Appeal Rights," which outlined the steps Ankton could take to appeal its decision.  (*Id.* at 10.)  Ankton appealed the Department's decision to the EEOC on February 28, 2015.  (*Id.* at 4 n.2.)  More than one hundred and eighty days passed without a response from the EEOC before Ankton filed her complaint in the U.S. District Court for the District of Columbia.

Ankton filed a second complaint, IRS-14-0700-F, with the Department on November 21, 2014, again asserting that she was retaliated against for participation in prior EEO activities. (Dep't's Mot. to Dismiss, Ex. 2 at 5, ECF No. 10-3.)  She amended that complaint on January 7, 2015.  (*Id.*)  In that case, the Department accepted three of Ankton's alleged adverse employment decisions for investigation:

1. In 2014, the evaluations she received contained errors;

2. She was required to document her daily work product;

3. She was required to adhere to policies that other employees were not required to adhere to.

(*Id.* at 5-6.)  The Department declined to investigate Ankton's allegation that she was retaliated against when she was offered a permanent job with the IRS because Ankton's "lack of understanding regarding the motivations behind a permanent job offer, which she was not obliged to accept, does not meet the standard of 'aggrieved' anticipated under Title VII and

supporting regulations." (*Id.*) It is not clear what the result of the investigation was. At some point, Ankton filed an appeal of the Department's decision and then, after one hundred and eighty days without a response, she filed the instant lawsuit. These facts are supported by a "notice" Ankton submitted on January 4, 2016, which includes a letter from the EEOC stating that IRS-14-0700-F was closed because "Ankton requested [her] appeal be terminated from further processing" and because Ankton "filed a civil action concerning the subject matter." (ECF No. 4.)

II. PROPOSED CONCLUSIONS OF LAW ON THE DEPARTMENT'S MOTION TO DISMISS

A.  Standard of Review for Failure to State a Claim

In assessing whether Ankton's complaint states a claim upon relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and

"accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant

to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  Whether Ankton has Exhausted her Administrative Remedies

As a preliminary matter, the Department argues that Ankton's complaint only vaguely references the administrative processes related to this case and that it is therefore impossible to determine whether Ankton has exhausted her administrative remedies. (Dep't's Reply 1, ECF No. 18.) "Exhaustion of administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)(citations omitted). Retaliation complaints brought by federal employees against their employer are governed by the EEO process. 29 C.F.R. Part 1614. The EEOC is the agency charged

with implementing and enforcing the EEO process. 42 U.S.C. § 2000e-16. EEO regulations provide that after the complainant files a formal complaint with the agency that allegedly discriminated against her, the agency conducts an investigation and issues a final agency decision. 29 C.F.R. §§ 1614.106-110.

Upon receiving the agency's final decision, the complainant can elect to either pursue a federal civil action within 90 days of the receipt of the agency's final decision, *id.* § 407(a), or appeal to the EEOC's Office of Federal Operations within thirty days of receipt of the agency's final decision, *id.* § 1614.402(a). If a complainant files an appeal outside the 30-day time limit, the appeal shall be dismissed by the EEOC. *Id.* § 1614.403(c). If the complainant elects to appeal to the EEOC, she has the right to file a civil action in a U.S. District Court within 90 days of the EEOC's final decision on appeal. *Id.* § 1614.407(c). The complainant may also file a civil action in a U.S. District Court 180 days after the date of filing an appeal if the EEOC has not issued a final decision. *Id.* § 1614.407(c).

The Department issued its final agency decision in IRS-14-0341-F on December 18, 2014, and the decision was sent to Ankton on February 3, 2015. (*See* Dep't's Reply, Ex. 1 at 2, 9, ECF No. 18-1.) Ankton appealed that decision to the EEOC on February 28, 2015, less than 30 days after receiving it. (Dep't's Reply 4 n.2, ECF No. 18.) More than 180 days passed without a decision

from the EEOC before Ankton filed the instant lawsuit on October 23, 2015. She therefore complied with the requirements set forth in 20 C.F.R. §§ 1614.402(a) & (c).

It is unclear if Ankton appealed the agency's final decision in IRS-14-0700-F within the 30 days required by 20 C.F.R. § 1614.402(a). An email correspondence between Ankton and the EEOC indicates that Ankton filed the instant lawsuit in the U.S. District Court for the District of Columbia more than 180 days after filing her appeal. (Notice at 6, ECF No. 4.) Therefore, she complied with 29 C.F.R. § 1614.407(c). The allegations in Ankton's response to the motion to dismiss appear to be the same claims she asserted in her administrative EEO claim, IRS-14-0341-F. Construing the pleadings liberally, as the court must do at this stage, Ankton's complaint cannot be dismissed for failure to exhaust administrative remedies.

C. Ankton's Title VII Retaliation Claim

Ankton alleges that she was retaliated against because she filed prior EEO complaints against the Department. (Compl. 1, ECF No. 1.) To state a claim of retaliation under Title VII, Ankton must allege that: (1) she acted in a manner protected by Title VII; (2) the Department knew of this exercise of protected activity; (3) the Department subsequently took an adverse action against Ankton, or she was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) the adverse

action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

Here, Ankton's complaint is skeletal and lacks factual allegations. The court, however, will consider Ankton's EEO complaints to ascertain whether Ankton has sufficiently stated a claim for retaliation to survive a motion to dismiss at this juncture. As to the first prong, Ankton alleges in her complaint that she engaged in protected activity by filing an EEO complaint against the Department. (Compl. 1-2, ECF No. 1.) The second prong is also satisfied, as Ankton alleges in her complaint that the Department knew of this protected activity, evidenced by the fact that the Department "provided a final agency decision submitted to the [EEOC]" and that a manager in the Department testified in front of the EEOC. (*Id.* at 1-2.) Finally, as to the third and fourth prongs, Ankton alleges that she was retaliated against by the Department for her participation in prior EEO activities. In IRS-14-0341-F, Ankton alleged that she was retaliated against when she received a counseling memorandum

for using extended idle time when she was assigned to the phones, when she was not asked to act as manager or lead from June 1-6, 2014, and when she received a lowered performance rating in one category on June 20, 2014. (Dep't's Reply, Ex. 1 at 2-3, ECF No. 18-1.) In IRS-14-0700-F, Ankton asserted that she was retaliated against when an evaluation she received contained errors, when she was required to document her work product, and when she was required to adhere to policies that other employees were not required to adhere to. (Dep't's Mot. to Dismiss, Ex. 2 at 5-6, ECF No. 10-3.) At this point, Ankton has sufficiently pled the essential elements of a claim for retaliation and the court does not recommend dismissal.

### III. ORDER ON THE DEPARTMENT'S MOTION FOR A MORE DEFINITE STATEMENT

The Department moves in the alternative for an order directing Ankton to provide a more definite statement. (Dep't's Mot. to Dismiss 8, ECF No. 10.) The complaint itself contains no facts in support of a retaliation claim and the court has had to construe Ankton's claims by referring to the agency decisions attached by the Department. The case cannot continue with the court piecemealing Ankton's claims. Accordingly, the Department's motion for a more definite statement is granted. Within 14 days of this order, Ankton must provide a more definite statement identifying the following: (1) the specific, protected

activity she participated in; (2) facts indicating that the Department knew of this exercise of protected activity; (3) the specific instances where the Department took adverse action against Ankton, or the specific instances of severe or pervasive retaliatory harassment by a supervisor; and (4) facts showing that the adverse action had a causal connection to the protected activity. Ankton must also attach any complaints she filed with the Department and any appeals she filed with the EEOC. Ankton must limit these statements to facts that she has already alleged in IRS-14-0341-F, IRS-14-0700-F, or any other cases she attaches. Failure to do so will result in dismissal of this lawsuit.

### IV. ORDER ON ANKTON'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

A.  Rule 15 Amendments

As an initial matter, Ankton may not amend her complaint as a matter of course because it was filed more than twenty-one days after the service of the Defendant's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, Federal Rule of Civil Procedure 15 provides that a party may amend its pleading with the court's leave, which should be freely given when justice so requires. In exercising its discretion under Rule 15(a), the court considers factors such as futility of amendments and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave to amend may be denied for

futility if the pleading as amended could not withstand a motion to dismiss. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(citation omitted); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Therefore, the court considers "whether [Ankton's] proposed [] amended complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams v. Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014)(quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). In making this determination, the court employs the same standard as set forth *supra* Part II.A.

B.  Ankton's Proposed Amended Complaint

In Ankton's second motion for leave to amend her complaint, she alleges new claims of retaliation. Specifically, she claims that she was subjected to a hostile work environment under two different supervisors, Bernice Sykes and Danny Ginn ("Ginn"), because of her prior EEO activity, and that she has had to seek therapy to deal with the "stress and chronic insomnia created by the US Treasury hostile work environment." (Ankton's Mot. to Amend 2, ECF No. 29.) She also claims that she is subjected to disparate treatment under Ginn, who reprimands her for not adhering to Department policies, while he does not reprimand others for doing the same. (*Id.*) Finally, Ankton argues that "employees with less training and not having a college degree"

14

have been given higher evaluation ratings than Ankton. (*Id.* at 3.) These allegations were not presented in her original complaint or in her EEO charges of retaliation that have been presented to the court.

In enacting Title VII, Congress gave the initial responsibility of enforcement to the EEOC. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Accordingly, when an employee has a complaint arising out of alleged employment discrimination, Title VII directs the employee to first file an administrative charge with the EEOC within a certain time of the alleged unlawful act. *See* 42 U.S.C. § 2000e-5(e)(1). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis*, 610 F.3d at 361. Federal government employees must first pursue administrative remedies with their employing agency. 29 C.F.R. § 1614.106 *et seq*. Ankton has not alleged that she presented these new proposed claims regarding the Department's alleged retaliation against her to the Department through the administrative EEO process. Accordingly, allowing Ankton to amend her complaint to state new causes of action would be futile, as these claims would be barred for failure to exhaust administrative remedies.

III.V. CONCLUSION

For the foregoing reasons, it is recommended that the Department's motion to dismiss be denied at this time. In addition, Ankton's motion to amend her complaint is denied. The Department's motion for a more definite statement is granted.

Respectfully submitted this 6th day of December, 2016.

s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.