# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHANDRANITA ANKTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-2736-SHM-dkv |
| | ) | |
| UNITED STATES TREASURY DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation dated December 6, 2016 (the "Report"). The Report recommends that the Court deny the Motion to Dismiss or in the Alternative for a More Definite Statement ("Motion to Dismiss") filed by Defendant United States Treasury Department (the "Department") on June 13, 2016 (ECF No. 10) to the extent the Motion seeks dismissal of the Complaint filed by Plaintiff Chandranita Ankton on October 23, 2015. The Report recommends that the Court grant the Motion to Dismiss to the extent the Motion seeks a more-definite statement. The Report also recommends that the Court deny Ankton's Motion for Leave to File an Amended Complaint, filed on September 21, 2016. (ECF No. 29 ("Mot. for Leave to Amend").) Neither party has filed any

objections to the Report, and the deadline for doing so has passed. (Report 16.)

For the following reasons, the Report is ADOPTED, the Motion to Dismiss is DENIED to the extent it requests that the Complaint be dismissed, the Motion to Dismiss is GRANTED to the extent it requests a more-definite statement, and the Motion for Leave is DENIED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Addressing the Motion to Dismiss's request that the Court dismiss the Complaint, the Magistrate Judge finds that "[c]onstruing the pleadings liberally, . . . Ankton's complaint cannot be dismissed for failure to exhaust administrative remedies." (Report 10.) She finds also that, although the Complaint is "skeletal and lacks factual allegations," Ankton "has sufficiently pled the essential elements of a claim for retaliation." (Id. at 12.)

Addressing the Motion to Dismiss's request that the Court require Ankton to provide a more-definite statement, the Magistrate Judge finds that "[t]he complaint itself contains no facts in support of a retaliation claim and the court has had to construe Ankton's claims by referring to the agency decisions attached by the Department." (Id.; cf. id. at 3 n.1 (explaining permissibility of considering these materials in context of motion to dismiss).) The Magistrate Judge opines that Ankton should provide a more-definite statement that includes the following:

> (1) the specific, protected activity she participated in; (2) facts indicating that the Department knew of this exercise of protected activity; (3) the specific instances where the Department took adverse action against Ankton, or the specific instances of severe or pervasive retaliatory harassment by a supervisor; and (4) facts showing that the adverse action had a causal connection to the protected activity.

3

(Id. at 12–13.) The Magistrate Judge opines that Ankton "must attach any complaint she filed with the Department and any appeals she filed with the [Equal Employment Opportunity Commission]." (Id.) Ankton "must limit [her] statements to facts she has already alleged in [her prior claims filed with the Department] or any cases she attaches." (Id. at 13.)

Addressing the Motion for Leave to Amend, the Magistrate Judge finds that the allegations Ankton proposes to add to the Complaint "were not presented in her original complaint or in her EEO charges of retaliation that have been presented to the court." (Id. at 15.) Because Ankton has not alleged that she presented these new proposed claims to the Department through its administrative EEO process, the Magistrate Judge concludes that "allowing Ankton to amend her complaint to state new causes of action would be futile, as these claims would be barred for failure to exhaust administrative remedies." (Id.)

The Report requires that any objections must be filed within fourteen (14) days after service. (Id. at 16; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").)

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. 474 U.S. at 151. Adopting

4

the Report is consistent with the policies underlying § 636 – specifically, judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED. The Motion to Dismiss is DENIED to the extent it requests that the Complaint be dismissed, the Motion to Dismiss is GRANTED to the extent it requests a more-definite statement, and the Motion for Leave to Amend is DENIED. In accordance with the Magistrate Judge's Order Granting Plaintiff's Motion for Additional Time to File a Response (ECF No. 35), the deadline for Ankton's more-definite statement shall be January 9, 2017.

So ordered this 30th day of December, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE