```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

CHANDRANITA M. ANKTON,

Plaintiff,

vs.                                        No. 2:16-cv-2736-SHM-dkv

UNITED STATES TREASURY
DEPARTMENT,

Defendant.
_____

    REPORT AND RECOMMENDATION ON THE DEFENDANT'S RENEWED MOTION TO
      DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
_____

On October 23, 2015, the plaintiff, Chandranita M. Ankton ("Ankton"), filed a *pro se* employment retaliation complaint against the defendant, the United States Treasury Department ("the Department"), alleging that the Department retaliated against her for participation in prior Equal Employment Opportunity ("EEO") activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Compl., ECF No. 1.) The case was originally filed in the U.S. District Court for the District of Columbia but it was transferred to the Western District of Tennessee on August 23, 2016. (ECF No. 19.) It has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or

report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

On June 13, 2016, prior to the transfer to this district, the Department filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement. (ECF No. 10.) On August 11, 2016, Ankton filed a response to the Department's motion. (ECF No. 16.) After the case was transferred to the Western District of Tennessee, Ankton refiled her response. (ECF No. 27.) Ankton also refiled a motion to amend her complaint on September 21, 2016, (Compl., ECF No. 29), to which the Department responded on October 14, 2016, (Resp., ECF No. 32). In one filing dated December 6, 2016, the Magistrate Judge issued a report and recommendation recommending denial of the Department's motion to dismiss; an order granting the Department's motion for a more definite statement; and an order denying Ankton's motion to amend her complaint.[1] (ECF No. 33.) In granting the Department's motion for a more definite statement, the Magistrate Judge instructed Ankton to file a more definite statement within fourteen days of the issuance of the order. (*Id.*) Ankton filed a more definite statement ("Statement") on January 10, 2017, (ECF No. 37), after

---

[1]This comprehensive document is referenced herein as "ECF No. 33." On December 30, 2016, the district court adopted the report and recommendation recommending that the Department's motion to dismiss be denied. (ECF No. 36.)

2

the court granted her an extension of time to file, (ECF No. 34).

Now before the court is the Department's renewed motion to dismiss for failure to state a claim, or in the alternative, for a more definite statement. (Renewed Mot. to Dismiss, ECF No. 38.) Ankton has not filed a response and the time to file a response has expired. For the reasons that follow, it is recommended that Ankton's claims against the Department be dismissed for failure to state a claim upon which relief may be granted.

I. PROPOSED FINDINGS OF FACT

The facts of this case were outlined in detail in the Magistrate Judge's first report and recommendation and will not be repeated in full here. (*See* ECF No. 33.) To summarize, in her complaint, Ankton alleged that the Department retaliated against her for participating in protected EEO activity. (Compl., ECF No. 1.) The complaint contained minimal facts, but it appeared to the court that Ankton had filed two administrative EEO claims with the Department, IRS-14-0341-F, filed May 29, 2014, and IRS-14-0700-F, filed November 21, 2014. The Department attached these documents its original motion to dismiss and to its reply in support of its motion to dismiss. (*See* Dep't's Reply, Ex. 1, ECF No. 18-1 & Dep't's Mot. to Dismiss, Ex. 2, ECF No. 10-3.)

3

In her first EEO complaint, IRS-14-0341-F, filed on May 29, 2014, Ankton alleged that she was retaliated against beginning on March 25, 2014 because of her participation in prior, unspecified EEO activity. (*See* Dep't's Reply, Ex. 1 at 2, ECF No. 18-1.) The Department summarized Ankton's alleged adverse employment decisions as follows:

> 1. On March 24, 2014, [Department] management issued [Ankton] a counseling memorandum for using extended idle time while she was assigned to the phones;
>
> 2. From June 1-6, 2014, [Ankton] was not asked to act as Manager or Lead; and
>
> 3. On June 20, 2014, [Ankton] received a lowered Departure Rating from the Rating of Exceeds to Meets.

(*Id.* at 3.) The Department found that the Department had not retaliated against Ankton and that Ankton's supervisor "provided legitimate, non-discriminatory reasons for each of its decisions." (*Id.* at 7.) Ankton appealed the Department's decision to the EEOC on February 28, 2015. (*Id.* at 4 n.2.)

Ankton filed a second complaint, IRS-14-0700-F, with the Department on November 21, 2014, again asserting that she was retaliated against for participation in prior EEO activities. (Dep't's Mot. to Dismiss, Ex. 2 at 5, ECF No. 10-3.) In that case, the Department accepted three of Ankton's alleged adverse employment decisions for investigation:

> 1. In 2014, the evaluations she received contained errors;
>
> 2. She was required to document her daily work product;

4

> 3. She was required to adhere to policies that other employees were not required to adhere to.

(*Id.* at 5-6.) The Department declined to investigate Ankton's allegation that she was retaliated against when she was offered a permanent job with the IRS because Ankton's "lack of understanding regarding the motivations behind a permanent job offer, which she was not obliged to accept, does not meet the standard of 'aggrieved' anticipated under Title VII and supporting regulations." (*Id.*) It is not clear what the result of the investigation was. At some point, Ankton filed an appeal of the Department's decision and then, after one hundred and eighty days without a response, she filed the instant lawsuit. (*See* Notice, ECF No. 4.)

## II. PROPOSED CONCLUSIONS OF LAW ON THE DEPARTMENT'S MOTION TO DISMISS

### A. Standard of Review for Failure to State a Claim

In assessing whether Ankton's complaint states a claim upon relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

5

face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th

6

Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.   Whether Ankton has Exhausted her Administrative Remedies

As a preliminary matter, the Department argues, for a second time, that Ankton's complaint only vaguely references the administrative processes related to this case and that it is therefore impossible to determine whether Ankton has exhausted her administrative remedies.   (Dep't's Reply 1, ECF No. 18.) "Exhaustion of administrative requirements is a precondition to

7

filing a Title VII suit." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)(citations omitted). Retaliation complaints brought by federal employees against their employer are governed by the EEO process. 29 C.F.R. Part 1614. The EEOC is the agency charged with implementing and enforcing the EEO process. 42 U.S.C. § 2000e-16. EEO regulations provide that after the complainant files a formal complaint with the agency that allegedly discriminated against her, the agency conducts an investigation and issues a final agency decision. 29 C.F.R. §§ 1614.106-110. Only after receiving the agency's final decision may the complainant elect to pursue a federal civil action. *Id.* § 407(a). In sum, exhaustion of administrative remedies is a prerequisite to filing suit in federal court.

In the order granting the Department's motion for a more definite statement, the Magistrate Judge instructed Ankton to provide specific facts supporting her retaliation claim, but those "statements [should be limited to] facts that she has already alleged in IRS-14-0341-F, IRS-14-0700-F, or any other cases she attaches" to her Statement. (ECF No. 33.) The Magistrate Judge further ordered Ankton to "attach any complaints she filed with the Department and any appeals she filed with the EEOC" to her Statement. (*Id.*) The court warned that "[f]ailure to [comply with the order] will result in dismissal of this lawsuit." (*Id.*) In Ankton's Statement, she

8

alleges a multitude of new facts. (*See generally*, Statement, ECF No. 37.) For example, she asserts for the first time in her Statement that a supervisor refused to accept a "self assessment" that she wrote, (*id.* at ¶ 3, ECF No. 37), and that her "time utilization and other critical job elements were [wrongly] changed," (*id.* at ¶ 5). Ankton also alleges for the first time that she should have had a higher rating than her peers because she was "fully trained on the two toll-free lines," (*id.* at ¶ 4), and she "did not consistently made [sic] the same errors or any errors" which would warrant a lowered rating, (*id.* at ¶ 6). She has not presented any evidence that these facts were presented to the EEOC, and it appears as though many of these events occurred as early as 2008, years before she filed either IRS-14-0341-F or IRS-14-0700-F in 2014. In addition, she has not attached to her Statement as ordered the relevant EEO complaints or final agency decisions for which she seeks review by this court. Therefore, the court must conclude that Ankton has not exhausted her administrative remedies with regard to these issues and they are not properly before the court.

D. Ankton's Title VII Retaliation Claim

In her original complaint, Ankton alleged that she was retaliated against because she filed prior EEO complaints against the Department. (Compl. 1, ECF No. 1.) To state a

9

claim of retaliation under Title VII, Ankton must allege that: (1) she acted in a manner protected by Title VII; (2) the Department knew of this exercise of protected activity; (3) the Department subsequently took an adverse action against Ankton, or she was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) the adverse action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

In analyzing the Department's first motion to dismiss, the Magistrate Judge construed the pleadings very liberally and was forced to piecemeal Ankton's claims. (*See generally*, ECF No. 33.) In granting the Department's motion for a more definite statement, the court specifically ordered Ankton to identify the following in support of her retaliation claim:

> (1) the specific, protected activity she participated in; (2) facts indicating that the Department knew of this exercise of protected activity; (3) the specific instances where the Department took adverse action against Ankton, or the specific instances of severe or pervasive retaliatory harassment by a supervisor; and

>    (4) facts showing that the adverse action had a causal
>    connection to the protected activity.

(ECF No. 33.)  In her Statement, Ankton has failed to provide specific facts satisfying the elements of a retaliation claim.

As to the first prong, Ankton states generally in her Statement that she engaged in "EEOC protected activity." (Statement ¶ 1, ECF No. 37.)  She offers no more details about the alleged protected activity, and as previously set forth, she did not attach the EEOC complaints or decisions to her Statement as directed.

Ankton's argument regarding the second prong is unclear. She seems to assert that the Department knew of her protected activity because a manager in the Department testified in front of the EEOC.  (Compl. at 1-2, ECF No. 1.)  In her Statement, Ankton merely states that her manager and coworkers were "aware" that she filed a complaint with the EEO against the Department. (Statement ¶¶ 3, 5-6, ECF No. 37.)  She offers no evidence or additional specific facts to support these vague allegations, as instructed.  (*See* ECF No. 33.)

Under the third prong, Ankton claims that the Department "took adverse actions in this case against an employee for participating in EEOC protected activity."  (Statement ¶ 1, ECF No. 37.)  She argues that the Department took adverse actions against her by giving her low performance ratings and not

11

offering her a permanent job. (*Id.* at ¶ 2-8; Compl. 1-2, ECF No. 1.) As for the fourth prong, she has failed to present any evidence whatsoever demonstrating a causal connection between these allegedly adverse actions and the exercise of protected activity. Therefore, Ankton has failed to state a *prima facie* claim for retaliation.

As explained above, the court instructed Ankton to identify specific facts in support of her retaliation claim and warned Ankton that failure to do so would result in dismissal of her complaint. (ECF No. 33.) The court recommends that Ankton's complaint be dismissed for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Department's renewed motion to dismiss be granted and that the Department's motion in the alternative for a more definite statement be denied.

Respectfully submitted this 2nd day of March, 2017.

s/ Diane K. Vescovo_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file

written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

Case 2:16-cv-02736-SHM-dkv Document 39 Filed 03/02/17 Page 13 of 13
PageID 287