# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHANDRANITA ANKTON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:16-cv-2736-SHM-dkv |
| | ) |
| UNITED STATES TREASURY | ) |
| DEPARTMENT, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation dated March 2, 2017 (the "Report"). (R. & R. on the Def.'s Renewed Mot. to Dismiss or in the Alternative for a More Definite Statement, ECF No. 39.) The Report addresses the Renewed Motion to Dismiss or in the Alternative for a More Definite Statement (the "Motion") filed by Defendant United States Treasury Department (the "Department") on January 23, 2017. (ECF No. 38.) The Report recommends that the Court grant the Motion as to its request to dismiss this action. (Report 3, 12.) The Report also recommends that the Court deny the Motion as to its request, in the alternative, for an order requiring Plaintiff Chandranita Ankton to amend her complaint to provide a more-definite statement. (Id. at 12.) Neither party has filed

objections to the Report, and the deadline for doing so has passed. (Id. at 12–13.)

For the following reasons, the Report is ADOPTED, the Motion is GRANTED to the extent it requests that the Complaint be dismissed, and the Motion is DENIED as moot to the extent it requests a more-definite statement.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Addressing the Motion to dismiss, the Magistrate Judge notes that Ankton's complaint, which alleges employment retaliation, requires "exhaustion of administrative remedies" as "a prerequisite to filing suit in federal court." (Report 8.) In an earlier order, granting a Department motion for a more-definite statement, Ankton was ordered to "provide specific facts supporting her retaliation claim," including facts establishing that she had exhausted her administrative remedies. (Id.; see also Order 3–4, ECF No. 36.) The Report finds that Ankton "has not presented any evidence that [the facts she asserts in support of her claims] were presented to the EEOC," and "has not attached to her Statement as ordered the relevant EEO complaints or final agency decisions for which she seeks review by this court." (Report 9.) The Report recites the elements of a Title VII retaliation claim and concludes that "Ankton has failed to provide specific facts satisfying the elements" of her claim. (Id. at 11; see generally id. at 10–12.)

The Report does not address in detail its recommendation that the Department's request, in the alternative, for an order requiring Ankton to provide a more-definite statement be denied. (See generally id.) The Report's dismissal recommendation makes the Department's alternative request for a more-definite statement moot.

3

Any objections to the Report must be filed within fourteen (14) days after service. (Id. at 12-13; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").) Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636 -- specifically, judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED. The Motion is GRANTED to the extent it requests that Ankton's complaint be dismissed, and is DENIED as moot to the extent it requests an order demanding a more-definite statement. This action is DISMISSED.

So ordered this 20th day of June, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE